Jodi K. Swick No. 228634
Hanqiu Ian Liu No. 333075
**McDOWELL HETHERINGTON LLP**
1999 Harrison St, Suite 2050
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@mhllp.com
       Ian.liu@mhllp.com

Attorneys for Plaintiff
MINNESOTA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN McATEE and GRAHAM GILL,<br><br>    Defendants. | Case No. CV 24-1763-GW-JCx<br><br>**ORDER FOR JOINT STIPULATION FOR ENTRY OF JUDGMENT OF DISCHARGE IN INTERPLEADER AND DISMISSAL OF ACTION**<br><br>Hon. George H. Wu<br><br>Action Filed: March 4, 2024<br>Trial Date: N/A |

Upon review and approval of the Joint Stipulation for Entry of Judgment of Discharge in Interpleader and Dismissal of Action, it is appearing that this Court has jurisdiction of the parties, and the subject matter set forth in Plaintiff Minnesota Life Insurance Company's Complaint for Interpleader Relief filed in this action, and for good cause appearing therefore:

///

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. Minnesota Life Insurance Company ("Minnesota Life") is the insurer of group benefits to Apple Inc. as part of an employee welfare benefit plan regulated by ERISA.

2. As of January 6, 2014, as part of his employment at Apple Inc., Kevin Tyler McAtee (the "Decedent") became an insured under Apple Inc. policy number 34017-G for total of $393,000.00 in life insurance benefits (the "Policy").

3. The Decedent passed away on February 7, 2022.

4. At the time of Decedent's death, Mr. Gill was the Decedent's designated beneficiary under the Policy.

5. On or about February 24, 2022, Mr. Kyle Andrew Sallee, who was the administrator of the Estate of the Decedent, informed Minnesota Life that the beneficiary on Decedent's Policy was wrongfully listed as Mr. Gill, and Mr. McAtee – father of the Decedent, should be the rightful beneficiary. Mr. Sallee informed Minnesota Life that there is a dispute as to the rightful beneficiary under the Policy and requested Minnesota Life not to disperse any life insurance benefits.

6. On or about January 23, 2023, through his counsel, Mr. McAtee made a claim seeking payments of the life insurance benefits under the Policy. Mr. McAtee contends that he is the intended beneficiary under the Policy, he is the sole beneficiary of the Estate of Decedent, and no other person should receive any part of the Policy benefits. Mr. McAtee further alleges the beneficiary designation on file was not the intention of Decedent, his son. Mr. McAtee alleges that his son was influenced to make Mr. Gill the Policy beneficiary, and that the beneficiary designation does not reflect Decedent's true intention.

7. Both Mr. McAtee and Mr. Gill made claims to the Death Benefits.

8. Minnesota Life was unable to safely pay the Death Benefits without being exposed to double or multiple liability to Defendants. Consequently, on March 4, 2024, Minnesota Life commenced this action by filing the Complaint for Interpleader Relief due

to the competing claims to the Death Benefits by Mr. McAtee and Mr. Gill. Minnesota Life's Complaint against Mr. McAtee and Mr. Gill was initiated pursuant to Rule 22 of Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and 28 U.S.C. §1332.

9. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 and Federal Rule of Civil Procedure Rule 22 because Minnesota Life is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000. Minnesota Life is a citizen of the State of Minnesota, and all Defendants are citizens of the State of California. The amount in controversy in this action exceeds $75,000 because the subject Death Benefits total $393,000.00.

10. This interpleader action also is brought pursuant to 28 U.S.C. § 1331 of the Federal Rules of Civil Procedure. This action meets the requirements for federal question jurisdiction as the subject group insurance policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

11. Minnesota Life has properly filed the Complaint for Interpleader Relief and stated a proper cause for interpleader.

12. Minnesota Life is a disinterested stakeholder and is indifferent to which defendant(s) is entitled to the Death Benefits.

13. Minnesota Life has undertaken extensive efforts and expense to locate and serve Mr. Gill with the Complaint, which include, but are not limited to, conducting comprehensive research, contacting potential phone numbers, dispatching process servers to multiple addresses, and ultimately hiring a private investigator. Thereafter, Minnesota Life prepared and filed a Motion for Service by Publication [Dkt. 19]. Subsequently, the Court ordered Minnesota Life to employ additional efforts to locate and serve Mr. Gill [Dkt. 24]. After further efforts, Minnesota Life served Mr. Gill via substituted service on June 27, 2024, and Mr. Gill first contacted Minnesota Life's counsel on July 20, 2024.

14. Mr. McAtee, via counsel, has appeared in the action and filed his responses to the Complaint. Mr. Gill's responsive pleading was due on August 19, 2024. However,

Defendants have resolved their competing claims to the Death Benefits between themselves by agreeing to a 50/50 split of the Death Benefits.

15. Defendants agree to award Minnesota Life its reasonable attorneys' fees and costs in the amount of $35,000.00 for bringing this action. *See*. *Abex Corp. v. Ski's Enterprises, Inc*., 748 F.2d 513, 516 (9th Cir.1984) (citation omitted) ("Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action"); *see also*, *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court"); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) ("In an interpleader action, it is within the court's discretion to award costs to the stakeholder."); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp*., 306 F.2d 188, 194 (9th Cir. 1962) ("[T]he proper rule ... in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading.") *See* e.g., *ReliaStar Life Insurance Company v. M.S., et al*, 2:19-cv-09628-MCS-AGRx (C.D. Cal., dkt. 98) (award of $43,075.75); *Field v. U.S., 2:15–cv–00241–TLN* (E.D. Cal., dkt. 188) (award of $36,892.77).

16. The remainder of the funds, in the amount of $363,042.42, which includes applicable accrued interest, shall be divided equally between Defendants, pursuant to Defendants' settlement of their competing claims. Minnesota Life shall disperse a check in the amount of $181,521.21, which includes 50% of accrued interest, made payable to "Adept Law Firm, Attorney client trust account" that shall be mailed to Adept Law Firm, 4500 Park Granada, Ste 202 F, Calabasas, CA 91302-1663. Minnesota Life shall disperse a check in the amount of $181,521.21, which includes 50% of accrued interest, made payable to "Graham Sether Gill" that shall be mailed to 1492 Clayton St., San Francisco, CA 94114.

17. Having properly brought this action, Minnesota Life, its predecessors, successors, affiliates, parent corporations, employees, officers and agents are fully and

forever released, discharged and acquitted of any liability of any kind or nature whatsoever with respect to the terms of the Policy, the Death Benefits payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future. This release does not apply to any claim for benefits related to the Accidental Death & Dismemberment Certificate of Insurance attached to the Policy, which is not the subject of this action.

18. Defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Minnesota Life, its predecessors, successors, affiliates, parent corporations, employees, officers and agents with respect to the terms of the Policy, the Death Benefits payable under the Policy, and/or the death of the Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future. This paragraph does not apply to any claim for benefits related to the Accidental Death & Dismemberment Certificate of Insurance attached to the Policy which is not the subject of this action.

19. This action is dismissed with prejudice in its entirety. Except for the award of attorneys' fees and costs to Minnesota Life described above, all parties are to bear their own fees and costs with respect to this action.

Dated: September 18, 2024

_____
HON. GEORGE H. WU,
United States District Judge